**SHENG HE LU, Petitioner,**

**v.**

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

No. 08–0377–ag.

United States Court of Appeals, Second Circuit.

Sept. 16, 2008.

Liu Yu, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Cindy Ferrier, Senior Litigation Counsel; Hannah Baublitz, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Sheng He Lu, a native and citizen of the People's Republic of China, seeks review of a December 26, 2007 order of the BIA affirming the January 11, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Sheng He Lu*, No. A 98 401 045 (B.I.A. Dec. 26, 2007), *aff'g* No. A 98 401 045 (Immig. Ct. N.Y. City Jan. 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, we review the entire IJ decision rather than confining our review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

We conclude that substantial evidence supports the agency's adverse credibility determination. The IJ accurately observed an inconsistency between Lu's testimony and written application concerning when he learned that the Chinese government had demolished his house. Because Lu's past persecution claim rested in large part on his allegation that the authorities demolished his house because he practiced Falun Gong, the agency properly relied on this inconsistency to find him not credible. 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, the IJ reasonably rejected Lu's explanation that he "misspoke" when he testified that his house was destroyed after he came to the United States. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The agency's adverse credibility determination was also supported by the IJ's finding that it was implausible that Lu was able to depart from a Beijing airport using his own passport, despite his claim that he was sought by authorities as a fugitive. Irrespective of whether Lu's ability to depart China can be "explained or rationalized," the IJ appropriately found this aspect of his claim implausible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *cf. Ying Li v. BCIS*, 529 F.3d 79, 82 (2d Cir.2008) ("[W]hen an adverse credibility finding is based partly or entirely on implausibility, we review the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized.").

Further, the IJ properly declined to give weight to the letter purportedly from Lu's mother where it was not notarized and provided no definitive evidence of its au-

thorship. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341–42 (2d Cir. 2006) (holding that the weight afforded to documentary evidence " 'lie[s] largely' within the discretion of the IJ"). Similarly, the IJ properly found that Lu's photographs did not corroborate his involvement in Falun Gong when they depicted events that occurred during the course of only a single day. *See id.* Lu has waived any challenge to that finding, moreover, due to his failure to raise it in his brief to this Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Lu's failure to corroborate his testimony in this manner bore on his credibility, because his deficient corroboration rendered him unable to rehabilitate testimony that had already been called into question. *See Biao Yang v. Gonzales,* 496 F.3d 268, 273 (2d Cir.2007).

Under the circumstances, the agency's adverse credibility finding was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, its denial of Lu's application for withholding of removal was proper, and we need not reach the IJ's alternate finding with respect to Lu's burden of proof. Lastly, because Lu has failed meaningfully to challenge before this Court the agency's denial of his application for CAT relief, and because addressing that claim does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).